

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. Burtt Potter
County Attorney
San Patricio
Sinton, Texas

Dear Sir:

Opinion No. 0-2671
Re: Can a Justice of the Peace
collect inquest fee when
he holds inquest upon the
death of a party who may
have been unlawfully killed.

We have a letter from H. F. Pape, Justice of the
Peace at Gregory, Texas, dated August 19, 1940, in which
he inquires whether a Justice of the Peace should hold an
inquest and be entitled to his fee where a party was kill-
ed in an automobile collision although there were witnesses
who saw the killing.

He writes that you called his attention to an
opinion of ours, in which we held that a Justice of the
Peace was not entitled to an inquest fee if the killing
was in the presence of a witness; we presume you had refer-
ence to our Opinion No. 0-1274.

The facts in that case revealed that the party
was killed by lightning in the presence of one or more
other parties. No question of an unlawful killing was in-
volved. We hand you herewith a copy of said opinion.

Subdivision 4 of Article 968, Code of Criminal
Procedure, provides that the Justice of the Peace must hold
an inquest "when the circumstances of the death of any per-
son are such as to lead to suspicion that he came to his
death by unlawful means."

Under the above quoted provision it is the duty
of a Justice of the Peace to hold an inquest where the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. Burtt Potter, Page 2

circumstances surrounding the death are such as to lead to a suspicion that he came to his death by unlawful means, although there may be any number of persons present at the time the death occurred and the Justice of the Peace would be entitled to receive his inquest fee.

There is no conflict in this holding and the one made by us in Opinion No. O-1274.

Under said Article 968, there are four separate and distinct conditions under which a Justice of the Peace is not only authorized to but it is his duty to hold an inquest without a jury. The facts surrounding each death would of course govern the question as to whether an inquest must be held by the Justice of the Peace. Pierson v. Galveston Co. 131 S. W. (2) 27.

We are writing you instead of Judge Pate because he says you told him about our opinion. We are sending him a copy of this opinion.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 28, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

By

Geo. W. Barcus
Assistant

GWB:rw


APPROVED
OPINION
COMMITTEE
BY